UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

10- 4583

TYVIE D. LA FRANCE

Plaintiff,

COMPLAINT

42 USC 1983

VS

TOWNES, J. 18 USC 242

ERIC BEMBEN AND THREE
OFFICERS OF NYPD

GO, M.J.

DEPRIVATION OF
CIVIL RIGHTS

I. Parties:

TYVIE D. LA FRANCE    c/o 619 ACADEMY ST. C4, NYC NY 10034

ERIC BEMBEN    NYPD PRECINCT # 77

II. The jurisdiction of the Court is invoked pursuant to
Title 42 USC 1983
Title 18 USC 242

III. Statement of claim
please see attached.

RECEIVED
OCT 04 2010
PRO SE OFFICE

IV. Remedy
Plaintiff seeks restitution and all remedy
available under the laws of the United States.

OCTOBER 4, 2010

Tyvie La France

w/o Prejudice
All Rights Reserved

(718) 682-7647

1.    ERIC BEMBEN caused physical injury, accused (a person) of a crime and caused criminal charges to be instituted against him.  Testified or provided information, withheld testimony with respect to another's legal claim or defense.  ERIC BEMBEN abused his position as a public servant by performing some act within or related to his official duties

and failed to perform an official duty in a manner as to affect a human person adversely. ERIC BEMBEN performed an activity which would not in itself materially benefit the actor but which is calculated to harm another human person materially with respect to his parental and spiritual responsibilities as a father, child care provider and armed security guard as well as my health and business by separating plaintiff from his sons and daughters.

2.      ERIC BEMBEN attempted to induce plaintiff to resist arrest placing handcuffs on plaintiff in a painful manner.  ERIC BEMBEN attempted to instill fear in plaintiff, a person with zero police contact experience, that he would not release tension on handcuffs unless plaintiff complied with his demands which plaintiff found unreasonable and could not understand. Plaintiff required pain suppressing medication, aspirin, at King's County Courthouse for pain caused from handcuffs.  ERIC BEMBEN used unnecessary force, in the face of no resistance, violating his oath as a NYPD officer "to uphold and defend the constitution of the united states of America" and New York.

3.      Knowing that he had no right to do so, ERIC BEMBEN with Officer SGT. DAVIS placed plaintiff's two minor children, 8 and 6, in the custody of a person under the influence of narcotics.  Plaintiff was unlawfully detained and incarcerated for 25 hours with recidivist predicate felons (Lashawn Smallwood, et al) and under the threat of force held and transported against my will.

4.      None of the officers with officer BEMBEN interceded on plaintiff's behalf, the testimony of an adult not under the influence on the scene was disregarded by at least one other officer SGT DAVIS.

5.      Officer ERIC BEMBEN performed aforementioned acts in the uniform of a NYPD officer.

6.      With the threat of force, use of shackles and handcuffs, ERIC BEMBEN forcibly took plaintiff's fingerprints and property.

7.      ERIC BEMBEN was assisted in the removal of said property by Officer (John) LATREMORE and others not known to plaintiff at this time, all armed officers of the 77th Precinct.

8.      AT least two officers assisted, ERIC BEMBEN who used handcuffs as his weapon while threatening the use of firearms.

9.      Plaintiff was told repeatedly by Officer ERIC BEMBEN, "relax your wrists and I will open the tension of handcuffs"- plaintiff could not understand and when ERIC BEMBEN was told the handcuffs where cutting plaintiff's wrists plaintiff was told to "wait until we get to 77th Precinct" and was driven there by Officer ERIC BEMBEN and Officer KHAN.

10.    ERIC BEMBEN with at least 4 or more Officers of the 77th Precinct surrounded plaintiff at Franklin and St. John's Place Brooklyn while walking with his six year old in his arms and his two nine year old daughters and began to put on riot gloves and to unsnap their gun holsters creating a panic and hysteria in plaintiff's daughters who feared for their father's life as plaintiff feared for theirs. These actions sent clear non-verbal messages by displaying riot gloves the meaning is that you will be assaulted; unsnapping gun holsters that meaning is that you will be shot in front of your daughters which caused plaintiff to have concern for his life and safety as well as the life and safety of his family.

11.    ERIC BEMBEN used the NYPD arrest policies of profiling and made no attempt at the scene to conduct an investigation, he disregarded an eyewitness, actions which the other officers present assisted. Officer BEMBEN then charged plaintiff after illegally detaining him with false charges that were aided and abetted after the fact by officers of the Kings County Court and Brooklyn District Attorney's Office furthering a conspiracy to deprive plaintiff of monies and liberties and rights.

12.    And further, by accepting statements from a juvenile at scene and disregarding the eyewitness testimony of an adult at the scene ERIC BEMBEN and others did conspire to coerce testimony of plaintiff as a witness against himself. At the 77th Precinct a detective not known to plaintiff attempted a custodial interrogation on unsubstantiated and unauthorized information, used information from the interrogation of another to attempt to bind plaintiff to false charges and to fully apprehend him.

13.    ERIC BEMBEN with others engaged in conduct that resulted in a substantial risk to plaintiff's daughters of physical injury by the manner in which they detained their father and then in the manner they (NYPD) allowed plaintiff's daughters to be transported without a guardian after removing them from their fathers custody twice; at the scene of the unlawful detention and again following an illegal interrogation from the 77th Precinct Station house.

14.    ERIC BEMBEN and his company subjected plaintiff and his family to the treatment he did because he believed plaintiff was a black person, colored person, African-American, a negro or a u.s. citizen and not a non-citizen national which is plaintiff's lawful legal status when he and his accomplices used profiling techniques in the place of investigation.

15.    ERIC BEMBEN did not provide proof of identity (242.133) as plaintiff not being able to focus on his shield number during menacing and assault, neither did ERIC BEMBEN furnish the law authorizing investigation or recite aloud the portion of law authorizing interrogation. This interrogation was not voluntary nor was it based in law. Information acquired from third parties was used against plaintiff. The Kings County Courts were given access to this protected information.

16.    It was ERIC BEMBEN who set this investigation in motion and it was a criminal action instituted against plaintiff based on this information. Plaintiff's fingerprints were forcibly taken. No copies of any information against plaintiff has been returned or

furnished. Plaintiff was not advised in writing of how information relating to plaintiff was asked, given or used against plaintiff.

17.    ERIC BEMBEN did not identify himself, he may have been traveling in disguise on the public highways.

18.    ERIC BEMBEN did not furnish to plaintiff the law authorizing any investigation of plaintiff by ERIC BEMBEN. At no point in his unlawful detention was the complainant "mirandized".

19.    ERIC BEMBEN did not cite out loud, aloud, portion of the law authorizing him to carry on a custodial or any other interrogation of the plaintiff by Police Officer ERIC BEMBEN at any point in his sojourn with NYPD. Plaintiff was told at scene if he would not tell what his name was, or give a statement to be used against himself, he would be "arrested".

20.    Plaintiff asserts that he did not volunteer to be interrogated by ERIC BEMBEN when he was asked. Plaintiff was in route to the funeral of his brother.

21.    Plaintiff asserts that the interrogation was not based in law. Plaintiff never faced his accusers. Plaintiff was not asked and did not waive any rights to ERIC BEMBEN's authority.

22.    ERIC BEMBEN used protected information obtained from a third party against plaintiff. Plaintiff was not charged with terrorism which would abrogate his habeas corpus rights.

23.    King's County Courts were given access to this unlawfully acquired and protected information and it was as fact used to injure complainant. There was both time and opportunity to ascertain the veracity of ERIC BEMBEN's accusations in the sixty eight days that followed.

24.    A criminal action was instituted against plaintiff based on these accusations. ERIC BEMBEN did not act alone and acted with the assistance of others.

25.    Plaintiff's fingerprints were forcibly taken and remain in the custody of the 77th NYPD Precinct, in King's County, New York, without a warrant or due process..

26.    Plaintiff and his family were injured in this action.
27.    Plaintiff seeks restitution and just compensation in these matters as only remedy.